### ARGUED AND DETERMINED

###### IN THE

# SUPREME JUDICIAL COURT,

###### IN THE

## COUNTY OF WORCESTER, SEPTEMBER TERM, 1804, AT WORCESTER.

———◆———

### ZADOK GATES & AL. *versus* JOB WINSLOW.

**Assumpsit will not lie to recover back money where the parties are in *paria casu*.**

THIS was an action of *indebitatus assumpsit*, for £100, money had and received by the defendant for the use of the plaintiffs.

The defendant pleaded the general issue ; and *non assumpsit infra sex annos.*

*F. Blake*, for the plaintiffs, stated that the demand made in the declaration arose from a speculation respecting lands situated in the province of *Canada* ; that the defendant, having certain pretensions to land there which he derived from one *Hathaway*, had by a *deed of quitclaim* conveyed his right therein to the plaintiffs for £100, which they had paid to the defendant ; that the plaintiffs, not being able to hold any thing by virtue of the defendant's deed, had brought the present action to recover back the money paid as the consideration for the deed. SEDGWICK, J., asked *Blake* if he expected to prove fraud or deception in the defendant ; *Blake* said he did not expect to prove fraud, but that he went on the ground of the *contract being *nudum pactum*, and cited [ * 66 ] the case of *Whittemore* and *Waters*, decided in this Court at the last term in this county, where a note had been given for a *quitclaim* deed of *Canada* lands, and an action was brought to

GATES & AL. *vs.* WINSLOW.

recover the contents of the note; in which case the Court held that there was no consideration for the note.

The Court, (*Dana*, C. J., *Strong*, *Sedgwick*, and *Thacher*, justices,) without hearing the counsel for the defendants, were unanimous and clear that the plaintiffs could not support the action. They said the rule is (universally) that where the parties are equally innocent or equally guilty, *melior est conditio possidentis*. As no fraud or imposition is pretended to have been practised by the defendant, the Court will presume that the parties at the time of the transaction were on equal grounds. Any one who had voluntarily *given* away a sum of money might as well think of recovering it back as the plaintiffs expect to maintain the present action.

The case cited by the counsel for the plaintiffs was decided upon the same rule which we go upon in the present, viz., *melior est*, &c. Where a promise is made without consideration, the law will not enforce a performance; but leaves the parties as it finds them. So where money has been *voluntarily* and *understandingly* paid, upon a contract made *bonâ fide*, without fraud, imposition, or deceit, although it was paid without consideration, the law will not compel a repayment; but leaves the parties as it finds them.

STRONG, J., said that a man who had purchased a lottery-ticket which happened to come up a blank, might with equal propriety say that the contract was *nudum pactum*, and bring his action to recover back the price of the ticket. SEDGWICK, J., mentioned the case of *Price* and *Neale*, 3 *Bur.* 1354, and [ * 67 ] *Wade's* case, 5 *Rep.* 115; of counterfeit *money paid and accepted for rent; which refers to a case in the *Year Books*.

The plaintiffs had leave to discontinue on payment of costs; as they also had in the case that stood next for trial, which depended on the same question. (*a*)

*Bangs*, for the defendant.

(*c*) [*Wallis, Exr.*, vs. *Wallis*, 4 *Mass.* 135.—*Taylor* vs. *Hare*, 1 *Bos. & Pull* 260.—ED.]