## CHESHIRE, OCTOBER TERM, 1821.

### SAMPSON DRURY *vs.* JOSHUA LELAND.

Where an estate has been represented insolvent, and the administrator appeals from a decision of the commissioners allowing the claim of a creditor, if a less sum is allowed the creditor in this court than was allowed by the commissioners, the administrator is entitled to costs.

In this case, the commissioners appointed by the judge of probate to examine the claims against the estate of *E. Sherman*, deceased, which had been represented insolvent by *Leland*, the administrator, allowed *Drury*, on his claims against the estate, $291 28. *Leland* signified to *Drury* his objections to the sum allowed, and *Drury* filed his declaration upon his demands in this court, in pursuance of the statute of February 11, 1791.

The cause was tried here at May term, 1821, when the jury returned a verdict in favor of *Drury*, and assessed his damages at $255 69. Each party moved the court for costs, and the question was whether either, and if either, which was entitled to costs?

RICHARDSON, C. J. This is a question of costs. The statute makes no express provision for the case, but the rule

Drury
*vs.*
Leland.

(1) 1 N. H.
Laws 220, 221.

which must be applied is in our opinion extremely clear. The act for the equal distribution of insolvent estates, provides, that when a creditor appeals from the decision of the commissioners, if something, but not more than the commissioners allowed, is given to the creditor by the judgment of this court, costs shall not be taxed for the creditor, but may be taxed for the executor or administrator; and that when an executor or administrator appeals from the decision of commissioners, if the same or as much as the commissioners allowed, is allowed by the judgment of this court, the creditor shall have his full costs.(1) These provisions we consider as placed in the statute by way of example, to shew who was intended to be considered as the prevailing party and entitled to costs. And we entertain no doubt, that when the creditor appeals, and recovers more than the commissioners allowed him, he must be considered as the prevailing party and entitled to costs; and when the executor or administrator appeals, if the creditor recovers less than the commissioners allowed, the executor or administrator must be considered as the prevailing party and entitled to costs. In the present case, the administrator appealed, and the sum allowed here is less than that allowed by the commissioners. The administrator must be allowed his costs.