## ABEL BARRON *et al. versus* ALFRED ASHLEY *et a.*

Where a plaintiff brought an action of trespass for taking and carrying away a large number of logs from Connecticut river and its banks, and it appeared upon the trial that all the logs taken had been put into the river under such circumstances as to be forfeited to any person who should take them, with the exception of one log for which the plaintiff recovered $2, it was held that he was not entitled to full costs.

In such a case the plaintiff could not have had that reasonable expectation of recovering more than six dollars, which was intended by the statute.

THIS was an action of trespass against the defendants for taking and carrying away a large number of logs belonging to the plaintiffs, from Connecticut river and its banks, and was tried upon the general issue at April term, 1827, when it appeared in evidence that a great part of the logs taken by the defendants were forfeited

Barron
*v.*
Ashley.

under the statute regulating the mode of putting pine timber into Connecticut river, and the action was maintained only with respect to one log found in Vermont, and the damages assessed by the jury were only $2.

It was moved by the counsel of the defendants, that the costs might be limited.

*H. Hubbard*, for the defendants.

*J. H. Hubbard* and *Woodbury*, for the plaintiffs, insisted that the plaintiffs were entitled to full costs, because in such a case the costs are not limited by any statute expressly. Neither the statute of June 16, 1791 sec. 2, nor the statute of 1828, cap. 41 sec. 8, enumerates trespas *de bonis asportatis*. The statutes accord with the English statutes of the 43 Eliz. and the 22 and 23 of Charles II, under which statutes full costs were always given in such an action of trespass although the damages recovered were under forty shillings, 1 Salk. 208, *Ven* v. *Philips* ; 1 Strange, 534, *Keen* v. *Whistler* ; 3 Mod. 39, *Barnes* v. *Edgard.*

No direction as to costs is given either by the statute of 1791, or by that of 1825, except as to actions brought originally in the court of common pleas. But the present action was brought here originally and hence comes within the provisions of neither statute.

The statute of 1819 giving this court power generally to limit and allow costs was not intended to apply except to charges in bills of cost not mentioned in the statutes prescribing the fees to be allowed, such as extra services by sheriffs, plans of land, copies of deeds and charters, &c. No general discretion beyond that could have been necessary or expedient.

If, however, the court should conclude that by some species of analogy, they may, without any express provisions of the statutes, restrict the costs in all actions commenced here where less than forty shillings is recovered, provided the plaintiff had " *no reasonable expectation*" of recovering more, it will become necessary to see what is meant in the statute by that expression.

In all cases in England where a certificate of a judge in the case is necessary, in order to limit costs, the courts have been very reluctant to limit them, and have done it only where the action was exceedingly impertinent and vexatious. 3 Wilson, 325.

In this state a practice formerly existed of putting money counts into writs to make the claims exceed $13,33, without any pretence of a debt due upon them, or any attempt to prove them. So for some paltry trespass to property where the real damage could not exceed a few cents, a party might be harrassed with a suit at a distance and in a higher court at great expense. In such cases the court were empowered to limit the costs because no reasonable expectation could exist of recovering what was claimed.

But here the injury sustained far exceeded the amount recovered, and the defendants escaped only by availing themselves of a penal statute to lessen the damages, and which statute they might or might not have set up, and successfully or unsuccessfully. The plaintiffs could not with certainty anticipate their design, or their evidence. They therefore discovered neither a vexatious nor an oppressive spirit in commencing the action in this court, and had a fair and reasonable expectation of recovering larger damages.

It is never necessary that this expectation should be strictly legal, otherwise the plaintiffs would in fact recover more. But the enquiry is, did the plaintiffs discover a wish to harrass and oppress the defendants by bringing the suit here without any pretence for recovering more than forty shillings ?

*By the court.* It is a general rule of practice in our courts, to allow the prevailing party in a cause his costs. This rule is not founded upon any express legislative enactment ; but our statutes contain several provisions explaining, or limiting the application of it under certain circumstances. Some of these provisions were intended

to discourage vexatious suits. Others have been adopted for the purpose of restraining litigant parties to certain jurisdictions in particular cases; or are merely explanatory of the application of the rule.

Thus there are provisions, in relation to the application of the rule, in certain cases of appeals from judgment of justices of the peace in the statute of June 30, 1818, sec. 2; 2 N. H. Laws 22; in the case of appeals from the judgment of the court of common pleas in certain cases, in the statute of December 21, 1824, sects. 2 and 4; 2 N. H. Laws, 38; in cases of appeals from the determination of commissioners on insolvent estates, in the statute of July 2, 1822, 2 N. H. Laws 145; and in cases of appeals from the decision of judges of probate in the statute of July 2, 1822, 2 N. H. Laws 169; 2 N. H. Rep. 409, *Drury* v. *Leland*.

There are also provisions in our statutes which must be considered as exceptions to the general rule.

I. It is enacted by the statute of 1825, cap. 41, sec. 8, 3 N. H. Laws 65, that in all actions of the case for slanderous words, all actions for malicious prosecutions, and all actions of assault and battery, and for imprisonment, prosecuted in any of the courts of record in this state, if the damages be assessed under $6, the plaintiff shall recover no more costs than the amount of the damages assessed. 1 Mass. Rep. 49.

II. It is provided by the statute of June 29, 1819, 2 N. H. Laws, 99, that when several judgments are rendered on the same contract, against several persons at the same term, the court may allow such, or so many bills of costs, as shall be thought just and equitable.

III. The last mentioned statute also provides that the courts, in all actions triable before them, shall be authorised to limit and allow such bills of costs as law and justice shall require. 3 N. H. Rep. 313, *Denniston* v. *Perkins*.

IV. The statute of February 9, 1791, sect. 21, 1 N. H. Laws, 106, enacts, that where any person shall commence

an action on any judgment with intent to harrass the defendant and increase the cost, judgment for costs shall not be rendered in favor of the plaintiff.

V. It is further provided in the eighth section of the said statute of 1825, 3 N. H. Laws, 65, that in all actions of trespass, *quare clausum fregit,* where the title of real estate is not in question, if the damages found do not amount to $6, the court may allow only such sum in costs as they shall think proper, not exceeding the damages assessed.

VI. The said statute of 1825, contains a further provision, that in all actions commenced at the court of common pleas, except actions of the case for slanderous words, actions of assault and battery, for imprisonment, and malicious prosecution, and trespass, *quare clausum fregit,* if it shall appear to the justices of said court, &c. that the plaintiff or plaintiffs had no reasonable expectation of recovering more than six dollars damages, in such case the justices of said court may limit the plaintiff or plaintiffs in their costs to such sums as they may think just and reasonable, all circumstances duly considered.

The question to be decided in this cause, arises upon this last provision in the statute, and depends upon the answer which is to be given to this question. *Had the plaintiffs no reasonable expectation of recovering more than six dollars damages ?*

Under what circumstances a plaintiff may be considered as having had a reasonable expectation of recovering larger damages than he may have actually recovered, it is unnecessary to determine in this case, because we are clear that these plaintiffs could have had no such expectations. It is conceived that the reasonable expectation intended by the statute must be an expectation founded upon a view of the supposed facts, and not of the law. 2 Mass. Rep. 371, and 462.

In this case, the plaintiffs put the logs mentioned in their declaration into Connecticut river, under such cir-

Barron
*v.*
Ashley.

cumstances that all the logs except one were clearly forfeited ; and in point of law, they were entitled to recover for one log only, which is found to have been of the value of $2, only. We are clearly of opinion that in such a case there could have been no reasonable expectation, within the intent of the statute, of recovering any greater damages than the sum found by the jury, and the costs must be limited.