## PHILLIPS *v.* BENNETT, ADM'R, AP'T.

Where an administrator of an estate, represented insolvent, appeals from the decision of the commissioner appointed to examine claims against the estate, and reduces, upon such appeal, the amount allowed, he is entitled to costs of the appeal.

And it is no exception to the rule, if the reduction be only in an item of interest erroneously allowed by the commissioner.

APPEAL of the administrator from the decision of the commissioner, allowing the plaintiff's claim against the estate of Mrs. Hutchins.

The claim, as presented to the commissioner, and by him allowed in full, was as follows:

" 1847, Oct. 7.   To my services, as housekeeper
    and nurse, from April 6, 1846, to date, at $3 00
    per week,...............................$234 00
Interest to June, 1852,.......................   65 52
                                                $299 52"

After the appeal was entered in this court, the case was sent to a commissioner, who found that the plaintiff was not entitled to recover any sum, but, by the consent of the administrator, he allowed her two dollars a week, from April 6, 1846, to January 6, 1847, and interest from the death of Mrs. Hutchins, and he also reported the evidence before him. His report of the facts found, and of the evidence given before him, were read to the jury, and no other evidence was offered by either party. The court instructed the jury, among other things, that there was no evidence to warrant the allowance of any interest until after the death of Mrs. Hutchins; that it had been suggested by the plaintiff's counsel that if they should reduce the sum allowed by the commissioner of insolvency, his client might lose her costs, and such indeed might possibly be the effect of such

a verdict; yet that the jury could not permit such consider-ations to substantially affect their verdict; that if, upon an independent judgment, they should arrive at a result sub-stantially agreeing with the sum awarded below, they could then be permitted, if they thought proper, to conform to the exact sum allowed by the commissioner, but that in this case, they could not allow interest prior to the death of Mrs. Hutchins, and only such sum as principal (if any) as they should believe a just and reasonable compensation for the services rendered.   The jury returned a verdict for $234, and interest from the death of Mrs. H., which is the full sum charged per week for the entire period, but the interest is about $40 less than the interest charged, and allowed by the commissioner of insolvency.   Each party claimed costs.

From an affidavit filed after the case had been transferred to this court, it appeared that after the appeal had been taken, but before it was entered in the court below, the ap-pellee offered to remit all that had been allowed by the commissioner as interest, and to take the principal sum in full discharge of the claim, which offer was declined by the administrator.

*Hackett*, for the appellee.

This is a question of costs, arising upon an appeal by the administrator from the decision of the commissioner, allow-ing the claim of the appellee against the estate of the in-testate.

The amount allowed by the commissioner was, for the original claim,...............................$234 00
Interest, from the rendition of the services to the end
of the commission,.........................  65 52
                                                            ──────
                                                            $299 52
The amount found by the jury was, for the
the original claim, ...................$234 00

Interest, from the death of the intestate,     34 55
                                                     ——— 268 55

                                                     $30 97

1. The statute of Feb. 11, 1791, having been repealed, and another act containing different provisions substituted, 2 N. H. Rep. 409 cannot be an authority in this case.

By the existing law, (Comp. Stat. 416, § 8,) it is provided, " If the appeal was taken by the administrator, the creditor shall be allowed his costs, if the amount allowed him by *the commissioner is not reduced.*"

I contend that by " amount," is intended the principal sum claimed, and that the " amount" allowed to the appellee has not been " reduced," within the meaning of the act. The jury, under the direction of the court, allowed interest only from the death of Mrs. Hutchins, although it was proved that Mrs. Hutchins left considerable property, after paying all her debts. Although this direction was of questionable soundness, I do not wish to have the verdict disturbed; but it is proper to consider the character of this direction, in connection with the question of costs. The jury returned a verdict for the same principal sum as the commissioner allowed. The only difference in the matter is the interest; and this difference was occasioned by the peremptory direction of the court. The estate being solvent, the court should have left the jury to inquire whether there were any facts from which they could find a promise to pay interest. Now I contend that the interest is in the nature of an incident to the amount allowed, and a matter of computation, and not, like the principal sum allowed, in the nature of a judicial determination. It is as much an incident to the principal sum, as costs is; and to be determined by computation; and an error in either may be committed and corrected, without affecting the determination of the principal amount or claim. The statute intended to provide, and does provide, for appeals only where there is

a disagreement about the amount of the principal sum due or claimed. There is another method pointed out and provided by statute, (chap. 171, § 15, Comp. Stat.,) to correct any error committed by the commissioner, such as was committed in this case, where he had inadvertently allowed interest from the rendition of the services, and not from the death of the intestate. This error would have been immediately corrected, if known or suggested. I do not know that the administrator claims that he appealed for the purpose of correcting the clerical error of the court. If he does, I say that an administrator should not appeal to correct such an error, when an easy, prompt and effectual method of correcting it, without cost, is provided. He cannot fairly do this, until he shall have sought this remedy, and failed.

2. I contend that the plaintiff having, as soon as the commissioner's error was brought to her notice, and before this appeal was entered, offered to correct the error, by waiving all claim of interest, and to receive the principal sum, without any interest, in full discharge of her claim, she has entitled herself to have this question of costs considered by the court as if the commissioner had allowed her no interest.

3. That there is no provision by law for an administrator to recover costs, when he takes the appeal, and that there is no good reason for the omission to make such a provision. In this case, for instance, the administrator allowed this claim to be tried before the commissioner, without producing the witness upon whom he relied in the trial before the jury. The law having prescribed in what instances the administrator shall recover costs, is equivalent to providing that he shall *not* recover costs in this case.

4. That in law and equity, the plaintiff should not only be exempt from costs, but should recover costs. She makes a claim, the full amount of which the commissioner, after a protracted hearing, allows; the administrator appeals, and the jury allow the full amount of her claim. She should not be punished for a clerical error of the commissioner,

when she not only offered to correct it as soon as she knew it, but offered to give up $30 of interest which legally belonged to her, and when the administrator had a plain and effectual method of having this error corrected, without costs.

This question is within the discretion of the court. It cost this plaintiff ten per cent. of her claim for nursing the deceased, to establish it before the commissioner. It has cost her twice as much to establish it before the court of common pleas. The court will not hold that she shall lose so large a part of her claim, and pay the administrator for the annoyance and cost he has occasioned her, unless they find something in her conduct which requires such a rebuke.

*Hatch*, for the appellant.

WOODS, C. J. The question for decision is simply a question of costs upon an appeal taken by the administrator from the decision of the commissioner upon an estate represented insolvent. The sum recovered upon the appeal by the creditor was less than the amount allowed him by the commissioner. Both parties moved to be allowed the costs arising upon the appeal.

The act regulating appeals from commissioners, (chapter 163 of the Revised Statutes,) makes no express provision in regard to costs in a case like the present. The 7th section provides that " the administrator shall recover costs, if the creditor fail to enter his action, upon filing a complaint, or if the creditor appealing fail to recover more than was allowed by the commissioner. If the appeal was taken by the administrator, the creditor shall be allowed his costs if the amount allowed him by the commissioner is not reduced." Those are the only provisions of the act relating to costs. It will be seen, then, that there is no express provision touching the costs, where, upon an appeal taken by an administrator, the amount allowed the creditor by the commissioner is reduced. The question is, what is the true

rule applicable to the case, where there is no express provision upon the subject? Both parties claim to be entitled to costs. We think, however, that it is entirely clear that the creditor is not entitled to costs in such a case. He is not, as we have seen, by any express provision of the act referred to; nor is he, in any view, to be regarded as the prevailing party. It is contended, however, that the creditor may be regarded as having recovered the same amount as was allowed by the commissioner, the reduction being only by reason of an error in the computation of interest due to him. But this view is not a satisfactory one. There was an error, it is true, in regard to the interest, and consequently in regard to the amount due to the creditor, and upon the appeal the error has been corrected, and the sum found due has been reduced. Now this was an error of substance. It was in regard to a claim, too, that was made by the creditor, for the commissioner allowed precisely what was claimed. It is evident, also, that the error arose from an erroneous view of the rules of law governing questions of interest. It formed, then, a proper and just ground of appeal. Indeed, it was the only method by which the administrator could protect the rights of those whom he represented. And we may here remark, that the offer to remit the whole interest allowed by the commissioner, can have no proper bearing, as affecting the question before us. It was, at most, a proposition for a compromise, not accepted. It was a proposition, in substance, to remit the interest, provided the administrator would no further object to the allowance of the principal sum claimed by the creditor. The administrator did not accept the offer, and was not bound to do so. He had a right to contest the whole claim and abide the consequences of the general result. It was his duty to pursue that course if he had a conscientious and reasonable belief that the claim was unjust. And there is evidence before us that he might have well entertained that belief. The finding of the commissioner, to whom the claim was committed after

the appeal, was in accordance with that view. It is, then, to be regarded as a case in which the claim of the creditor was reduced upon an appeal properly taken, and fully justified by the intermediate proceedings and the final result. It was an appeal for substantial cause. The creditor not appearing to be entitled to costs, the remaining question is, whether the administrator is entitled to recover his costs of the appeal.

It was decided in *Drury* v. *Leland*, 2 N. H. Rep. 409, that if a creditor recover upon an appeal taken by an administrator, from the decision of a commissioner upon an insolvent estate, a less sum than was allowed him by the commissioner, the administrator is entitled to costs. But it is said that the statute then in force, and constituting the foundation of that decision, differs from the act at present in force, and furnishing the rule for the decision of this cause. It will be proper to see whether the acts referred to be distinguishable from, or be, in substance, in agreement with each other. We have already given a recital of the provisions of the act now in force. The act which furnished the rule for the decision in *Drury* v. *Leland*, was passed February 11, 1791, (1 N. H. Laws 220–21,) and, according to the citation in that case, it provided " that when a creditor appeals from the decision of the commissioner, if something, but not more than the commissioners allowed, is given to the creditor by the judgment of this court, costs shall not be taxed for the creditor, but may be taxed for the executor or administrator; and that when an executor or administrator appeals from the decision of the commissioners, if the same, or as much as the commissioners allowed is allowed by the judgment of the court, the creditor shall have his full costs." It will be perceived that there is no express provision in the last mentioned act, respecting the costs, where, upon appeal by an administrator or executor, from the decision of a commissioner, the sum allowed by the commissioner is reduced. Nor is there any express provision as to

Phillips *v.* Bennett.

the costs of the appeal, where, upon the appeal of a creditor, he shall recover a larger sum than was allowed him by the commissioner. Those cases are left alike in both acts to be governed by general principles of law, and general rules of practice adopted by courts, or by statutes, general in their operation, upon the subject of costs. In the particular under consideration, the two statutes are precisely similar. Neither has any express provision touching the question. In *Drury* v. *Leland*, Chief Justice *Richardson*, after reciting the provisions of the act of February 11, 1791, before mentioned, remarked : " These provisions we consider as placed in the statute by way of example, to show who was intended to be considered as the prevailing party, and entitled to costs. And we entertain no doubt that where the creditor appeals, and recovers more than the commissioner allowed him, he must be considered as the prevailing party, and entitled to costs ; and where the executor or administrator appeals, if the creditor recovers less than the commissioner allowed, the administrator must be considered as the prevailing party, and entitled to costs."

We consider the decision as being an authority directly in point, and applicable to the present case, and in favor of the allowance of the costs claimed by the administrator. And we see no reason to doubt the correctness of the decision. It seems to us to rest on sound general principles, long since adopted and in general practice. It was a general rule of law, resulting from long practice in this State, to give costs to the prevailing party. The rule had its origin in practice, and not in any positive legislative enactment. *Barron* v. *Ashley*, 4 N. H. Rep. 279. Such is now the general rule, by the provisions of the statute. Rev. Stat. ch. 191, § 1.

We are of the opinion that the administrator in this case is to be regarded as the prevailing party, and that accordingly, as such, by the well settled general rule of practice, as

well as the express provisions of the Revised Statutes, he is entitled to costs.

*Judgment for the appellant for costs.*