## Asa Adams *vs.* Richard Barry.

*It seems,* that an action for injury to real estate of a wife may be maintained by her husband alone.

In an action of tort for obstructing a right of way, damages for the consequent diminution of rents cannot be recovered unless specially alleged in the declaration.

Action of tort for obstructing a right of way leading to an estate held by the plaintiff's wife in mortgage, " to the damage of the plaintiff, as he says, the sum of three hundred dollars; " which was the only allegation of damages. Trial and verdict for the plaintiff in the superior court of Suffolk at November term 1856, before *Abbott,* J., to whose rulings the defendant alleged exceptions, the substance of which appears in the opinion.

*W. Brigham,* for the defendant.

*J. B. Robb,* for the plaintiff.

Metcalf, J. At the argument of this case, the plaintiff, by consent of the defendant, exhibited evidence to the court, that the mortgage mentioned in the bill of exceptions had been foreclosed before this suit was commenced. We therefore need not inquire whether *this* action could have been maintained, if the mortgage had been outstanding. As the facts now appear, the plaintiff and his wife might have maintained the action, although the land described in the declaration was in the possession of tenants. *Cushing* v. *Adams,* 18 Pick. 110. It was also said in that case, that the plaintiff might have maintained the action, without joining the wife; that it was a case in which he might join her, or sue alone. And so are the decisions. *Allen* v. *Kingsbury,* 16 Pick. 235. 1 Roper on Husb. & Wife, 211. 2 Walford on Parties, 967 *& seq.*

But we are all of opinion that loss or diminution of rent was not, upon the declaration in this case, an element of damages, which the jury could legally take into consideration; and that, for this reason, the defendant is entitled to a new trial. The case comes within the decision in *Baldwin* v. *Western Railroad,* 4 Gray, 333, where it was held, upon great consideration, that under the practice act of 1852, *c.* 312, a general allegation of

damages, in an action of tort, will not enable the plaintiff to prove special damages; that is, damages which the law does not imply from the facts alleged in the declaration. See also *Rising* v. *Granger*, 1 Mass. 49; *Warner* v. *Bacon*, 8 Gray, 400. In the present case, no damages for loss or diminution of rent can be implied by law, because such loss or diminution is not necessarily caused by the acts set forth in the declaration.

*Exceptions sustained.*